BEER, Judge.
This devolutive appeal by Gentilly Time Pay Plans, Inc. (hereafter, “Gentilly”) is from a judgment setting aside a sheriff’s sale, the proceeds from which have already been returned. The facts leading up to this are quite involved, and the record is not particularly clear. We adduce the following:
On September 29, 1975, Ken LaGrue executed an act of collateral mortgage and a collateral mortgage note, paraphed Ne Var-ietur to identify same with the act of collateral mortgage, in favor of Gentilly, in the amount of $60,000. That collateral mortgage was recorded on October 20, 1975. Thereafter (Gentilly contends), on February 20, 1976, LaGrue executed a promissory note in the amount of $27,369.72, secured by a conventional mortgage (on a single piece of property which is also the only property referred to in the collateral mortgage) in favor of Gentilly and, also, pledged the collateral mortgage note. They further contend that North Lake Properties, Ltd. was a co-maker on this note. Consideration for same is alleged to be a check in the amount of $23,575.61, payable to LaGrue only. On the same date (Gentilly contends), concurrent with the issuance of their check to LaGrue, they subordinated the collateral mortgage to the conventional mortgage. However, prior to the recordation of the conventional mortgage (and the act of subordination), two unrelated judgments against LaGrue were recorded.
Gentilly foreclosed after default of the conventional mortgage note and, subsequently, the district court entered judgment in favor of Gentilly, causing the mortgaged property to be seized and sold to a third party. As a result of claims of privileged ranking by the two judgment creditors whose judgments had been recorded previous to the recordation of the conventional mortgage, the sheriff refused to disburse the funds, and Gentilly instituted a mandamus proceeding to have the priority of their ranking recognized and to compel the sheriff to remit the proceeds of the sale. The sheriff filed a rule to rank creditors, and the judgment creditors were ordered to show cause why the proceeds should not be disbursed to Gentilly. Following a hearing on that rule, the district court set aside the sheriff’s sale and ordered the funds returned to the third party purchaser. There was no valid suspensive appeal, and that order has been carried out. (Note our order of May 31, 1978, in No. 9459, Gentilly Time Pay Plan v. Ken J. LaGrue.) The creditors have never been ranked, and there now exists no fund for them to be ranked in relation to.
Thus, the only matter now before us on this devolutive appeal is the correctness, vel non, of the district court’s action in setting aside the sheriff’s sale.
However, no useful purpose will be served by our deciding that issue since it has been — for all practical purposes — mooted as a result of the actions noted above. Furthermore, the state of the record before us is such that pertinent questions regarding the timeliness of inscriptions and the validity of documents are left unanswered.
Accordingly, the matter is remanded to the 25th Judicial District Court for the Parish of St. Bernard with the following instructions:
Upon proper application by appellant, Gentilly Time Pay Plans, Inc., the district court shall issue such orders as are necessary to provoke a judicial sale of the property more particularly described in the conventional mortgage executed by LaGrue, et al. in favor of Gentilly Time Pay Plans, Inc. and, thereafter, upon proper application of an interested party or parties, shall, in accordance with La.C.C.P. Arts. 1092 and 2592, provoke a hearing for the purpose of ranking those creditors having a claim against the proceeds of that sale, whereupon the distribution shall, thereafter, be *927 made in accordance with that ranking. Each party is to bear its own costs of the proceedings in this court, and all other costs shall await ultimate determination of the litigation. '
REMANDED WITH INSTRUCTIONS.